UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:                                                           C/A No. 04-08574-W

Ellison Brunson and Deborah L. Brunson,                          ORDER

Debtors.                                                          Chapter 13

THIS MATTER comes before the Court upon a Motion to Reconsider (the "Motion") filed by Ellison and Deborah Brunson (the "Debtors") which seeks to set aside an Order entered on June 30, 2005. The Order disallowed a late filed claim filed by Pee Dee Community AA ("Pee Dee" or the "Creditor") but found the indebtedness claimed thereon to be nondischargeable.

It is undisputed that Debtors did not provide a correct address for purposes of providing notice to Pee Dee of the bankruptcy filing, and as a result Pee Dee did not file its proof of claim in a timely fashion. The Chapter 13 Trustee objected to the allowance of the late claim on March 22, 2005, and a hearing was held on May 19, 2005. The Creditor appeared at the May 19, 2005 hearing but Debtors did not.

Pee Dee's claim in the amount of $6,102.00, if allowed under the plan confirmed on February 22, 2005, would be paid a 1% dividend, or approximately $61.02. The record of the case indicates that the same incorrect address was used for service of the Notice of Confirmation and Amended Plan filed by Debtors on October 19, 2004, which was confirmed on February 22, 2005.

This Court has previously held that proofs of claims filed late in a Chapter 13 case may not be allowed pursuant to 11 U.S.C. § 502(b)(9)[1] and Federal Rules of Bankruptcy Procedure 3002(c) and 9006(b)(3) (except in a few specifically enumerated situations not applicable to this case). In re Harris, C/A No. 01-08688, slip op. (Aug. 14, 2002); In re Waters, C/A No. 99-5666, 2000 WL

---

[1] Hereinafter references to sections will be to the Bankruptcy Code unless otherwise stated.

33709666 (Feb. 2, 2000); In re Jones, 57 B.R. 60 (1985). However, these cases did not thoughtfully consider the effects of the failure to give notice to the creditor on the allowability of a late claim.[2]

At the hearing, Debtors made three (3) arguments for either allowing the claim as late or disallowing the claim without a finding of nondischargeability. First, Debtors argued that § 523(a)(3) only applies in instances where debtors deliberately intend to omit creditors and fail to give notice in time to file a claim. However, nothing in the language of the Code section requires such an intent on the part of debtors.

Debtors also cited the Court's recent decision in In re Condo as authority to allow distribution on a late filed claim which was filed by a creditor without notice. C/A No. 04-12787-W, slip op. (2005). However, Condo relies upon 11 U.S.C. § 726(a)(2)(C), which is not applicable in a Chapter 13 case.

Finally, Debtors argued that § 502(j) allows the Court to use its equitable authority to counteract the effects of § 502(b)(9) and Bankruptcy Rule 3002(c) as they would apply to this case. However, many courts utilize an analysis similar to that of an excusable neglect standard when reconsidering a claim under § 502(j). Cassell v. Shawsville Farm Supply, Inc., 208 B.R. 380, 383 (D. Va. 1996) (although different concepts, many of the same factors used in an excusable neglect analysis are likely applicable to a cause analysis under § 502(j)); Snow v. Countrywide Home Loans, Inc. (In re Snow), 270 B.R. 38, 41 (D. Md. 2001) (bankruptcy courts define cause under § 502(j) using the standard applicable to Federal Rule 60, which includes excusable neglect). See also De la Quadra v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.), No. 98-1019, 1998 WL 480744, at **1-2 (4th Cir. Aug. 6, 1998) ("Courts have read § 502(j) in conjunction with [Rule] 60(b)

---

[2] The Court in Jones briefly addressed late notice to a creditor without detailed or comprehensive discussion of the issues relating to the lack of notice. 57 B.R. at 61.

and held that the burden of establishing cause rests with the moving party."). Furthermore, the Fourth Circuit has emphasized that equity may not be used to create new substantive rights. East Tennessee Natural Gas Co. v. Sage, 361 F.3d 808, 823 (2004). Similarly, § 105 cannot be invoked to achieve ends contrary to other specific Code provisions. Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988) (equitable powers can only be exercised within the confines of the Code). See also Kestell v. Kestell (In re Kestell), 99 F.3d 146, 148-49 (4th Cir. 1996); In re Gilley, 288 B.R. 901, 907 (Bankr. M.D. Fla. 2002); In re Bennett, 278 B.R. 764, 766-67 (Bankr. M.D. Tenn. 2001).

In their post-hearing memorandum, Debtors concede that the statute and rules require the disallowance of the claim. They also correctly assert that § 523(a)(3) does not apply pursuant to § 1328, citing Bowden v. Structured Investments Co. LLC (In re Bowden), 315 B.R. 903 (Bankr. W.D. Wash. 2004). Debtors further argue, again relying on the Court's equitable powers to fashion a remedy in the form of an allowed claim, that such matters may be "considered on a case by case basis, examining the equities of the situation," citing to Judge Bishop's prior decision in In re Faust, 180 B.R. 432, 437 (D.S.C. 1994). However, a principle distinction between Faust and this case is that the holding in Faust appears to recognize that debtors should not be allowed to object to a late filed claim and effectively disallow it, when it was their own failure to act which inhibited the creditor's timely filing of the claim.[3] Such a determination can be analogized to the equitable estoppel principles which some courts utilize to prohibit a debtor's objection to a late filed claim when the debtor failed to provide adequate notice to the creditor of the claims bar date. In re Collier, 307 B.R. 20 (Bankr. D. Mass. 2004). Such a holding can be characterized as the Court's implicit denial of the right to voice an objection. However, in this case the Trustee, not the debtor, is the

---

[3] The Court observes that the reasoning in Faust has been distinguished by other courts and has not been widely followed. This judge would find its precedential application on the subject of equitably allowing a late claim limited.

3

objecting party.[4]

Many courts have wrestled with the problems created by the apparent hole in the Bankruptcy Code and Rules regarding the allowability of late claims in Chapter 13 cases filed by creditors that have not had adequate notice of the case, bar date, or plan due to the failure of the debtor or the court. Some courts rely upon the lack of due process provided the creditor in order to justify the allowance of the claim. See, e.g., Collier, 307 B.R. at 25-26 (Bankr. D. Mass. 2004).

However, in this judge's view, such an approach provides a cure for the debtor's error without effort by or consequence to such debtor, requires the creditor to present argument for allowance of its late claim, and often subjects the creditor to a low percentage payout over a term of three (3) to five (5) years – in this case, only a 1% dividend. Such a cure does not promote greater care and concern on the debtor's part in identifying correct addresses. This Court notes that such a concern is considered in the recently enacted bankruptcy provisions, which sets forth requirements for the use of particular addresses to be used for noticing creditors and provides consequences for noncompliance. Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, § 315 (to be codified at 11 U.S.C. § 342).

Other courts which are not convinced that the allowance of an otherwise unallowable claim is an exception which can or should be made have fashioned other remedies for the creditor, including providing that the claim is not discharged due to the lack of notice, allowing relief from the automatic stay, allowing dismissal or conversion of the case, recognition of the incorporation of § 726(a) into § 1325(a)(4), revocation of the confirmation order, and the filing of a proof of claim on behalf of the tardily filing creditor by the trustee. See In re Wright, 300 B.R. 453 (Bankr. N.D.

---

[4] Were the Trustee not to object, the claim would be allowable. In re Harris, C/A No. 01-08688-B, slip. op. at 8 (Bankr. D.S.C. 2002).

Ill. 2003).

In this judge's view, the finding of nondischargeability of the claim is the suitable and most proper remedy for the creditor without notice based upon the Fourth Circuit Court of Appeals' emphasis on due process in the Chapter 13 plan confirmation process. In Piedmont Trust Bank v. Linkous (In re Linkous), the Fourth Circuit provided that a confirmed plan is not binding on a creditor which did not receive adequate notice. 990 F.2d 160 (1993). In Deutchman v. IRS (In re Deutchman), the Court held that in order to provide for a creditor for purposes of § 1327(c), the plan must clearly and accurately characterize the creditor's claim throughout the plan. 192 F.3d 457 (1999). Rather than create the otherwise barred remedy of allowing a late filed claim where the creditor had insufficient notice to file a claim and participate in the plan confirmation process, this Court relies upon the Fourth Circuit's existing authority which excepts the creditor from the effects of a confirmed plan. See, e.g., Deutchman, 192 F.3d at 460-61; Linkous, 990 F.2d at 162-63. If a creditor's claim is not "provided for" for purposes of § 1327(c), it is logically excluded from the benefits of discharge under § 1328(a). A number of convincing cases recognize this remedy for such creditors. See also United States v. Hairopoulos (In re Hairopoulos), 118 F.3d 1240, 1246 (8th Cir. 1997); DeHart v. Pennsylvania Bureau (In re McNeely), 309 B.R. 711, 714 (Bankr. M.D. Pa. 2004); Wright, 300 B.R. at 467-69; In re Brogden, 274 B.R. 287, 294-94 (Bankr. M.D. Tenn. 2001); Crites v. State of Oregon (In re Crites), 201 B.R. 277, 281-81 (Bankr. D. Or. 1996); In re Herndon, 188 B.R. 562, 565 (Bankr. E.D. Ky. 1995).

Policy considerations dictate the same result. The finding of nondischargeability of the claim places the burden on the party responsible for the failure to give notice, the debtor, to rectify the error – such as by providing a modified plan which expressly provides payment to such creditor and which gives all creditors notice and an opportunity to be heard.

For similar reasons, Debtors in this case should be estopped from gaining benefit from their error by receiving a discharge of the indebtedness to Creditor despite the lack of notice to Creditor. Accordingly, the equities argued by Debtors in this case do not weigh in their favor.

Finally, the Court notes that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 makes § 523(a)(3) applicable to Chapter 13 cases and excepts such from discharge pursuant to § 1328(a)(2). Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, § 314 (to be codified at 11 U.S.C. § 1328). Therefore this Court finds support that a finding of nondischargeability is the soundest determination pursuant to the Bankruptcy Code's present language in §§ 1327 and 1328 and the amendments thereto effective October 17, 2005.[5]

For the reasons stated herein, the Motion to Reconsider is granted to eliminate reference to § 523(a)(3). The late claim filed by Pee Dee is disallowed, but the indebtedness thereon is nevertheless nondischargeable in that it was not provided for by the confirmed plan and therefore not covered by §§ 1327 and 1328.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
August 2, 2005

---

[5] The lack of notice would also provide grounds for the revocation of the confirmation order if it were viewed as applying to Creditor.